**Debra Y. SANDERS, Employee–Respondent,**

v.

**ECHLIN/PACER INDUSTRIES, Employer–Appellant,**

and

**National Union Fire Ins. Co. c/o Gallagher Bassett Services, Inc., Insurer–Appellant.**

No. 72857.

Missouri Court of Appeals, Eastern District, Division Four.

March 31, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 27, 1998.

Evans & Dixon, L.L.C., Timothy M. Tierney, Mary Anne Lindsey, St. Louis, for appellant.

Edwards, Singer, Wolk & Spoeneman, Donald S. Singer, Kenneth E. Dick, Clayton, for respondent.

Before ROBERT G. DOWD, Jr., P.J., and SIMON and HOFF, JJ.

## ORDER

PER CURIAM.

Echlin/Pacer Industries and its insurer, National Union Fire Ins. Co. c/o Gallagher Bassett Services, Inc., (collectively referred to as Employer) appeal from a Temporary or Partial Award of workers' compensation benefits entered in favor of Debra Y. Sanders (Claimant) by the Labor and Industrial Relations Commission (Commission).[1] Employer contends the Commission erred as a matter of law in (1) finding Claimant sustained her burden of proving her medical condition was clearly work-related, as required by section 287.020 RSMo 1994, in the absence of expert medical opinion that Claimant's lifting activities at work were a substantial factor in causing the resulting medical condition; (2) finding Claimant had not unreasonably refused to submit to medical treatment offered by Employer under section 287.140.5 RSMo 1994; (3) awarding Claimant attorney's fees pursuant to section 287.203 RSMo 1994, as interpreted in *P.M. v. Metromedia Steakhouses Co.*, 931 S.W.2d 846 (Mo.App. E.D. 1996); and (4) finding employee had sustained a compensable injury for which future medical care was required pursuant to section 287.140 RSMo 1994.

We have reviewed the briefs of the parties and the record on appeal. The Commission's award is supported by substantial and competent evidence on the whole record. An extended opinion would have no precedential value. We affirm in accordance with Rule 84.16(b).

---

1. The State Treasurer as Custodian of the Second Injury Fund is not a party to this appeal although it is a party to the administrative proceedings below.